Honorable Chet Brooks Chairman Senate Human Resources Committee Senate Chamber Austin, Texas 78711
Re: Employment of the handicapped by state agencies.
Dear Senator Brooks:
You have requested our opinion concerning the employment of handicapped persons by state agencies and the payment of travel expenses incurred by such employees. Your first question originally involved the propriety of a job description for a particular position; however, the job description was modified after you submitted your request. In light of that modification the remaining portion of your first inquiry involves the general question of restrictions upon employment of handicapped persons.
Article 4419e(1), V.T.C.S., provides:
 Section 1. The policy of the State of Texas is to encourage and enable persons who are blind or otherwise physically handicapped to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state.
In addition, article 4419e(3), V.T.C.S., provides:
 (f) An employer who conducts business in this state may not discriminate in his employment practices against a handicapped person solely on the basis of his handicap cap if the person's ability to perform the task required by a job is not impaired by the handicap and the person is otherwise qualified for the job.
See also V.T.C.S. arts. 664-5(1)(a), 664-6(1)(a), 678g;29 U.S.C. § 793(a).
Thus as a matter of statutorily expressed public policy, state agencies may not refuse to employ a qualified handicapped person "on the basis of his handicap."
Your second question involves payment to handicapped employees for travel expenses. You first ask whether a handicapped employee may be reimbursed for both the use of a personally owned vehicle and the expense of retaining a driver for the vehicle so long as the amount does not exceed the cost of the use of public conveyances for an equivalent amount of travel. Section 8 of article 6823a, V.T.C.S., provides:
 An employee whose duties customarily require travel within his designated headquarters may be authorized a local transportation allowance for his travel. Such allowance, however, may not exceed the transportation allowance for use of a privately owned automobile as set by the Legislature in the General Appropriations Acts, except that an employee with a physical handicap which precludes his personal operation of a privately owned automobile may, without regard to the standard otherwise set in the General Appropriations Acts, be authorized a reasonable transportation allowance not to exceed the amount to which such handicapped employee would be entitled for similar travel occurring outside of his designated headquarters.
Section 6(a) of this article provides for rules and regulations to be promulgated by the Comptroller. These regulations are contained in the State Employee Travel Allowance Guide which provides at page 10:
 Employees traveling under provisions of S.B. 881, 64th Leg., [art. 6823a, § 8, as amended] will be allowed the actual cost of transportation via bus, taxi or the mileage allowance of sixteen (16) cents per mile for an automobile driven by a volunteer driver.
It is therefore clear that the reimbursement to a handicapped employee who utilizes a private automobile is limited to sixteen cents per mile. We have discovered no authority for reimbursement on the basis of the cost of public conveyance where no public conveyance is in fact utilized.
You also ask whether a state agency may establish a special system for reimbursing the transportation expenses of handicapped employees who are unable to drive a personally owned vehicle in the performance of their duties. Since article 6823a provides for reimbursement for travel expenses under regulations of the Comptroller, individual state agencies do not have authority to establish a special system of reimbursement which conflicts with rules and regulations of the Comptroller.
Your final question is whether such a special system would constitute "affirmative action to employ and advance in employment qualified handicapped individuals" under29 U.S.C. § 793(a). While as we noted above individual agencies lack authority to develop "special systems" in this context, the regulations of the Comptroller constitute a form of a special system. In our view those regulations as well as section 8 of article 6823a may constitute such "affirmative action." See 29 U.S.C. § 791b, 20 C.F.R. § 741.4 (1976).
 SUMMARY
State agencies may not refuse to employ a qualified handicapped person on the basis of his handicap. A handicapped employee who utilizes a private automobile and driver on state business is limited to sixteen cents per mile reimbursement. State agencies do not presently have authority to develop a special system of reimbursement for travel by handicapped employees; under current law the system is provided by the Comptroller under article 6823a and the General Appropriations Acts.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee